# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

MICHAEL CLAYTON,

        Defendant.

No. CR13-3022-MWB

**ORDER**

_____

Defendant is charged by indictment with one count of bank robbery. During his initial appearance and arraignment on June 12, 2013, he made an oral *pro se*[1] motion to proceed in this case under a pseudonym, such as "John Doe." After hearing defendant's argument, I denied the motion without prejudice and stated that I would be willing to reconsider if defendant submitted legal authorities on the issue. On June 13, 2013, defendant's counsel submitted an email message to me (with a copy to the Assistant United States Attorney) citing two cases on the issue. Based on those cases and my own, additional research, I find that the motion must still be denied for the reasons explained in this order.

## *RELEVANT FACTS*

The indictment alleges that defendant robbed C.S. Bank in Fort Dodge, Iowa, on February 7, 2013. In explaining his request to proceed by pseudonym, he stated that

---

[1] Defendant is represented by counsel and his counsel was present at the hearing. However, his counsel made it clear that the defendant was making the motion on his own, against counsel's advice. As such, I allowed defendant to present the argument himself, rather than through counsel.

the offense was recorded by surveillance video and that a photo captured from that video has been publicized in the Fort Dodge area. He further stated that he has talked with many people who have viewed the photo and that most of them believe it shows a white male committing the offense. Defendant is an African-American male. He stated that "eight out of ten" people viewing the photo believe it depicts a white suspect.

Defendant further explained that he is from a large family that is well-known in the Fort Dodge area. He believes that if his name is publicized, witnesses to the event who would otherwise testify that the offender was white will conclude that their observations were wrong and, by the time of trial, will state that the offender was African-American. Indeed, he believes that this risk will arise even if his description, but not his name, is publicized. As such, it is my understanding that he seeks an order that would (a) change his name in these proceedings to "John Doe," (b) prohibit the disclosure of his real name and (c) prohibit the news media from publicizing his physical description.

## ANALYSIS

### A.     Proceeding Under a Pseudonym

Courts have recognized that there is a First Amendment interest in public proceedings such as lawsuits, which is furthered by disclosing the parties to an action. *See, e.g., Doe v. Del Rio,* 241 F.R.D. 154, 156 (S.D.N.Y. 2006); *W.G.A. v. Priority Pharmacy, Inc.,* 184 F.R.D. 616, 617 (E.D. Mo. 1999); *Luckett v. Beaudet*, 21 F. Supp. 2d 1029 (D. Minn. 1998). In civil cases, however, courts do have discretion to permit a plaintiff to proceed anonymously through the use of a pseudonym. *See, e.g., Lozano v. City of Hazleton,* 496 F. Supp. 2d 477 (M.D. Pa. 2007), *vacated in part on other grounds,* 620 F.3d 170 (3d Cir. 2010); *Heather K. v. City of Mallard*, 887 F. Supp.

1249, 1255 (N.D. Iowa 1995). Many factors have been identified as relevant to this consideration, but they primarily boil down to weighing the plaintiff's unique privacy concerns against the need for openness in judicial proceedings. *See Heather K.,* 887 F. Supp. at 1256. For example, plaintiffs have been permitted to proceed anonymously if they are (1) challenging governmental activity, (2) required to disclose information of the utmost intimacy or (3) compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution. *Id.* (citing *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992)).

The case law concerning the use of a pseudonym by a defendant in a criminal case is not as well developed. The same presumption of openness and public disclosure applies in criminal actions. *See, e.g., United States v. Powers,* 622 F.2d 317, 323-24 (8th Cir.), *cert. denied,* 449 U.S. 837 (1980); *United States v. Doe,* 488 F.3d 1154, 1156 n.1 (9th Cir. 2007). The few reported cases permitting some level of anonymity for defendants in criminal cases have done so to either (a) protect a defendant from injury or harassment or (b) protect juveniles. For example, in *United States v. Doe,* 655 F.2d 920 (9th Cir. 1980), the parties agreed that the defendant, a government informant, would be at risk of serious bodily harm if other inmates learned of his role. 655 F.2d at 922 n.1. In another case, an appellate court granted a motion to refer to the defendant by a pseudonym to prevent unnecessary dissemination of information about a conviction that was set aside pursuant to the Youth Corrections Act. *United States v. Doe*, 556 F.2d 391, 393 (6th Cir. 1977), *abrogated on other grounds, United States v. Lucido*, 612 F.3d 871 (6th Cir. 2010).

In this case, defendant does not allege that public disclosure of his name will subject him to injury or harassment. Nor, for that matter, does his explanation of the need for anonymity invoke the privacy factors that would apply in a civil case. Instead,

he contends that disclosure of his name and/or physical description would weaken his position at trial, as witnesses who otherwise would have testified that the offender was a white male may somehow be inclined to alter their recollections and testify that the offender was an African-American male. I hold that the defendant's stated concern does not fall within the limited scope of legitimate reasons for anonymity in a criminal proceeding. Moreover, I find his theory to be completely speculative and unsupported. Defendant has not provided evidence that any eyewitness to the offense has described the offender as a white male. Nor has he provided information suggesting a risk that any such witness is likely to change his or her story upon learning that an African-American male has been charged.[2] For these reasons, I decline to exercise discretion to permit defendant to proceed in this case under a pseudonym.

### B. *Restricting Disclosure of Defendant's Description*

Defendant also asked that I restrict public disclosure of his physical description. While the precise scope of his request was not clear, I understood him to be seeking an order that would prevent the media from reporting that he is African-American. That order would clearly violate the First Amendment. *See, e.g., Nebraska Press Ass'n v. Stuart,* 427 U.S. 539, 568-70 (1976) (invalidating a court order that, in an effort to protect the defendant's right to a fair trial, prohibited the public dissemination of any testimony or evidence presented during the preliminary hearing in a multiple-homicide case). To the extent that a prior restraint of this nature could ever be

---

[2] If a witness has given a statement to law enforcement identifying the offender as a white male, but testifies at trial that the defendant, an African-American male, committed the offense, cross-examination will surely be spirited.

constitutionally-valid, defendant has not come close to showing that such an extreme measure is required to preserve his right to a fair trial. *Stuart,* 427 U.S. at 569-70.

## *CONCLUSION*

Defendant's oral *pro se* motion to proceed under a pseudonym and to prohibit public disclosure of his physical description is **denied**.

**IT IS SO ORDERED.**

**DATED** this 14th day of June, 2013.

_____
LEONARD T. STRAND
UNITED STATES MAGISTRATE JUDGE