# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

UNITED STATES OF AMERICA,

              Plaintiff,

vs.

MICHAEL CLAYTON,

              Defendant.

No. CR 13-3022-MWB

**MEMORANDUM OPINION AND ORDER REGARDING PARTIES' EVIDENTIARY MOTIONS**

---

In this case, defendant Michael Clayton is charged with "bank robbery" in violation of 18 U.S.C. § 2113(a). This case is set for a jury trial to begin on February 10, 2014. The parties have filed the following pretrial evidentiary motions: (1) defendant Clayton's October 31, 2013, Motion In Limine (docket no. 47), filed prior to a previous trial date; and (2) the prosecution's February 3, 2014, Motion For Preliminary Ruling On Admissibility Of Evidence—Prior Crimes, Wrongs, Or Other Acts (docket no. 74). Although the second motion is untimely under the deadline for trial-related motions in the original June 13, 2013, Order Setting Jury Trial (docket no. 13), as subsequently amended, it raises issues that are better addressed pretrial, so that I have also considered that motion on the merits.[1] Both evidentiary motions were duly resisted and are now

---

[1] In its Reply (docket no. 92), the prosecution argues that a motion for pretrial determination of evidence pursuant to Rule 404(b) would not be subject to the deadline for pretrial motions in the Order Setting Jury Trial. This is so, the prosecution argues, because the prosecution did not have any obligation to provide further notice of its intent to use Rule 404(b) evidence beyond including such evidence in the discovery file, as stated in § XVIII(H) of the Order Setting Jury Trial. This *post hoc* justification for the

deemed fully submitted.[2]  I will consider the issues raised in the parties' evidentiary motions, some of which overlap, in turn.

First, defendant Clayton seeks to exclude evidence of his prior convictions and, particularly, a 2003 conviction for third-degree theft, an aggravated misdemeanor under Iowa law, but a felony under federal law, and a 2005 felony conviction for first-degree theft, both in Iowa, if he testifies, pursuant to Rule 609 of the Federal Rules of Evidence. In response, the prosecution argues that the felony theft convictions are highly probative for impeachment purposes, with only slight potential for prejudice, in light of evidence of more serious misconduct related to the currently charged offense. In its own evidentiary motion, the prosecution seeks a pretrial determination that evidence of the same two felony convictions is admissible in its case-in-chief pursuant to Rule 404(b) of the Federal Rules of Evidence, for the purposes of proving motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.  Indeed, the prosecution argues that the two prior "theft" felonies were originally charged as

untimeliness of the prosecution's motion is completely unpersuasive.  Section IV(B) of the same Order makes abundantly clear that "[a]ll trial related motions, including motions in limine, must be filed as soon as practicable, but at least **14 days** before the commencement of trial."  (Emphasis in the original).  That same section then specifically adds that "[t]he parties are required to notify the court by motion in limine or by motion under Federal Rule of Evidence 104(a) of all novel, unusual, or complex legal, factual, or procedural issues reasonably anticipated to arise at trial."  There can be no doubt that the prosecution's February 3, 2014, Motion For Preliminary Ruling On Admissibility Of Evidence—Prior Crimes, Wrongs, Or Other Acts (docket no. 74), which specifically cites Rule 104 as the basis for the motion, was a "trial related motion" subject to the 14-day pretrial deadline.

[2] Although the defendant requested a hearing on his Motion In Limine, I have not found a hearing to be necessary.

"robberies" and that the 2003 felony might even be called a "signature crime," because it involved conduct similar to that involved in the charged offense.

Taking the issue of admissibility of the "bad acts" evidence in the prosecution's case-in-chief first, I find that, as is often the case, the determinative factor for admissibility pursuant to Rule 404(b) is the balancing of probative value against potential prejudice. *United States v. Gant*, 721 F.3d 505, 509 (8th Cir. 2013) (listing factors relevant to the admissibility of "bad acts" evidence pursuant to Rule 404(b), including the balancing of probative value against potential prejudice); *see also United States v. Jefferson*, 725 F.3d 829, 836 (8th Cir. 2013) (noting that Rule 404(b) affords the district courts "substantial discretion" in determining the admissibility of "bad acts" evidence); *United States v. Chaika*, 695 F.3d 741, 744 (8th Cir. 2012) ("'The weighing of probative value against prejudicial effect is committed to the sound discretion of the trial court.'" (quoting *United States v. Folley*, 683 F.2d 273, 278 (8th Cir. 1982)). I recognize that "[w]here the extrinsic act is extremely similar to the crime at issue, evidence of the act will usually be rendered irrelevant only by 'an enormous lapse of time.'" *United States v. Thomas*, 593 F.3d 752, 758 (8th Cir. 2010) (quoting *United States v. Anifowoshe*, 307 F.3d 643, 647 (7th Cir. 2002), and citing *United States v. Drew*, 894 F.2d 965, 970 (8th Cir.), *cert. denied*, 494 U.S. 1089 (1990), as referring to such crimes as "signature crimes"). The problem here is that I do not find the circumstances of the 2003 felony to be "extremely similar" to the charged offense; rather, the alleged "signature" characteristics of the prior felony are simply too generic to robbery offenses to be very probative for any permissible purpose as to the present offense.

Also, I find that introduction of evidence of both felony theft offenses would be quite prejudicial, because it might invite the jurors to decide the defendant's guilt or innocence on the present charge on the improper, emotional basis of his prior felony theft convictions, rather than on the basis of evidence demonstrating his guilt on the charged

offense. *See United States v. Muhlenbruch*, 634 F.3d 987, 1001 (8th Cir. 2011) ("'Whether there was unfair prejudice depends on whether there was an undue tendency to suggest decision on an improper basis.'" (quoting *United States v. Farrington*, 499 F.3d 854, 859 (8th Cir. 2007) (quotations omitted)); FED. R. EVID. 403, Advisory Committee Notes (explaining that a decision on an "improper basis" is "commonly, though not necessarily, an emotional one."); *see also United States v. Jiminez*, 487 F.3d 1140, 1145 (8th Cir. 2007) (quoting the notes to Rule 403). Finally, the prosecution would have to go to considerable lengths to try to demonstrate the purported similarities between the prior felony thefts and the charged offense—including an attempt to demonstrate that those prior "theft" offenses were, in fact, "robbery" offenses. Consequently, introduction of evidence of the prior felonies could devolve into "mini-trials" that might distract and mislead the jurors about the relevant issues in this case. FED. R. EVID. 403 (relevant evidence may also be excluded because of its tendency to confuse the issues, mislead the jury, or cause undue delay and waste of time). Consequently, the prosecution's Motion is denied.

Clayton contends that, if he testifies in his defense, these prior convictions should also be excluded as impeachment evidence pursuant to Rule 609. I conclude, first, that neither felony conviction is so old as to prohibit its use pursuant to Rule 609, particularly in light of Rule 609's exclusion from the calculation of time limits any time that the defendant/witness spent in custody, and I find that the probative value substantially outweighs the potential for prejudice. FED. R. EVID. 609(b). Furthermore, Rule 609 reflects "'the common sense proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath.'" *United States v. Collier*, 527 F.3d 695, 700 (8th Cir. 2008) (quoting *United States v. Chauncey*, 420 F.3d 864, 874 (8th Cir. 2005)). Here, however, I conclude that the probative value of the prior felony convictions that is not unduly prejudicial is that they

are "felonies," not that they are "theft" felonies or felonies based on conduct that the prosecution contends amounted to "robbery." *Cf. United States v. Chauncey*, 420 F.3d 864, 874 (8th Cir. 2005) (pointing out that, in a drug case, the probative value of a prior drug felony for Rule 609 purposes related to commission of a felony, not to the nature of the felony). Therefore, this part of Clayton's motion is granted to the extent that, if Clayton testifies, the prosecution will be permitted to impeach him with evidence that he has previously been convicted of "one or more felonies," and either the prosecution or the defendant may mention the date of the impeaching felony offenses, but the prosecution may not introduce evidence of or allude to the nature of the felonies. This part of Clayton's motion is otherwise denied.

Clayton also seeks to exclude evidence of recordings of telephone calls from him while he was incarcerated and from incarcerated individuals to him. The prosecution represents that it does not intend to offer any such evidence, because it is likely more prejudicial than probative, unless it somehow becomes much more relevant at trial. Therefore, this part of Clayton's Motion In Limine is denied as premature.

Finally, Clayton seeks to exclude what he characterizes as cell phone "tracking" evidence, because the accuracy and reliability of cell phone tracking technology is insufficient for use at trial pursuant to Rule 702 and *Daubert v. Merrell-Dow Pharm., Inc.*, 509 U.S. 579 (1993). The prosecution contends that Clayton has mischaracterized the evidence in question. The prosecution contends that the cell phone evidence is simply routine, automatically-created business records of the cell phone companies indicating for specific calls the date, time, duration, number called, and specific towers used (including the towers' longitude and latitude), which the prosecution contends is admissible pursuant to Rules 901(a) and (b)(9) and 803(6).

The cell phone evidence in question here is not the kind of "GPS tracking" evidence that may fall within Rule 702 or require expert testimony. *See United States v.*

*Brooks*, 715 F.3d 1069, 1078 (8th Cir. 2013). Rather, it is the much more pedestrian non-testimonial, "business records" evidence routinely recorded and maintained by the cell phone companies that is admissible pursuant to Rules 803(6), *id.* at 1079-80, and that appears to be adequately authenticated or self-authenticating. *See* FED. R. EVID. 901(a) and (b)(9). Indeed, various Circuit Courts of Appeals have recognized the admissibility and sufficiency of such evidence, including using it to identify the approximate location of the caller at pertinent times in proximity to locations of robberies or other criminal conduct. *See, e.g., United States v. Ransfer*, ___ F.3d ___, ___, 2014 WL 292379, *15 and nn.22 and 27 (11th Cir. Jan. 28, 2014); *United States v. Ramirez-Mendoza*, 683 F.3d 771, 776-77 (7th Cir. 2012). This part of Clayton's Motion In Limine is also denied.

THEREFORE, upon the foregoing,

1.    Defendant Clayton's October 31, 2013, Motion In Limine (docket no. 47) is **denied in part and granted in part**, as follows:

    a.    The part of the Motion seeking to exclude evidence of two prior theft felonies pursuant to Rule 609, if the defendant testifies, is **granted** to the extent that the prosecution may only introduce, for purposes of impeachment, evidence that the defendant was convicted of "one or more felonies," and either the prosecution or the defendant may mention the date of the impeaching felony offenses, but the prosecution may not introduce evidence of or allude to the nature of the felonies. This part of the Motion is otherwise **denied**.

    b.    The part of the Motion to exclude evidence of recordings of telephone calls from the defendant while he was incarcerated and from incarcerated individuals to him is **denied** as premature.

    c.    The part of the Motion seeking to exclude cell phone "tracking" evidence is **denied**.

2.     The prosecution's February 3, 2014, Motion For Preliminary Ruling On Admissibility Of Evidence—Prior Crimes, Wrongs, Or Other Acts (docket no. 74) is **denied**, and the prosecution will *not* be allowed to introduce in its case-in-chief evidence of the defendant's two prior felony theft convictions.

**IT IS SO ORDERED**.

**DATED** this 6th day of February, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA